

## Fourth Court of Appeals

### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00292-CR

Eason Rodrigo **RODRIGUEZ LUNA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR6803
Honorable Christine Del Prado, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:        Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                H. Todd McCray, Justice

Delivered and Filed: July 1, 2026

AFFIRMED

Eason Rodrigo Rodriguez Luna was charged with murder. When the jury trial commenced, Luna pled guilty and affirmed that he was doing so because he was guilty and for no other reason. He stated it was his decision and that no one forced him to plead guilty or offered him something in exchange for his guilty plea. The jury then found him guilty of murder, and the case proceeded to the punishment phase. The next day, before the punishment phase before the jury began, the trial court informed Luna that "a plea of guilty may result in [him] being deported from [the United

States], denied naturalization from the federal government, should [he] seek it in the future from the federal government, and [he] could be denied entry into the country." The trial court offered Luna the opportunity to withdraw his plea. Luna acknowledged that he understood the trial court's admonishments and affirmed his plea of guilty. After two days of testimony during the punishment phase, the jury rejected Luna's claim of sudden passion and returned a verdict that Luna should be imprisoned for ninety-nine years. The trial court signed a final judgment in conformity with the jury's verdict. Luna appealed.

Luna's court-appointed appellate counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744-45; *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978). In compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel certified that he served copies of the brief and motion to withdraw on Luna, informed Luna of his right to review the record and file a pro se brief, explained to Luna the procedure for obtaining the record, and provided Luna a form motion for pro se access to the record. This court subsequently set a deadline for Luna to file a pro se brief. Luna did not file a pro se brief.

After reviewing the appellate record, the *Anders* brief, and the State's response, we conclude that there are no arguable grounds for appeal, and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in *Anders* brief or pro se response, and should only determine if the appeal is frivolous). Therefore, we affirm the judgment of the trial court and grant appellate counsel's motion to withdraw.[1] *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex.

---

[1] No substitute counsel will be appointed. Should Luna wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for

App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

Adrian A. Spears II, Justice

DO NOT PUBLISH

---

discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or from "the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id*. R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id*. R. 68.4.